ACCEPTED
12-15-00033-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/30/2015 3:34:50 PM
CATHY LUSK
CLERK

# IN THE COURT OF APPEALS

## FOR THE TWELFTH APPELLATE DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/30/2015 3:34:50 PM
CATHY S. LUSK
Clerk

### TYLER, TEXAS

|  |  |
|---|---|
| § | |
| § | |
| **IN THE MATTER OF THE ESTATE** § | |
| **OF RUBY RENEE BYROM** § | **CAUSE NO. 12-15-00033-CV** |
| § | |
| § | |
| § | |

## MOTION TO STRIKE APPELLANT'S BRIEF EXHIBITS G AND H

**NOW COMES JILL CAMPBELL PENN** in the above styled and numbered cause, and files this motion for the Court to strike Appellant's Brief Exhibits G and H and shows the following:

### I.

The Decree Ordering the Sale of Real Property was entered on November 14, 2014. Appeal was perfected on February 2, 2015. Appellant's Brief was filed on May 18, 2015. Appellant's Brief Exhibit G is an affidavit executed by Appellant Dimple Byrom on March 1, 2010 (and is attached hereto as Exhibit 1). Appellant's Brief Exhibit H is an affidavit executed by Appellant Jerry Byrom on May 7, 2015 (and is attached hereto as Exhibit 2).

## II.

There is no indication that these affidavits were ever a part of the record of this case or in any way presented to the trial court. Dimple Byrom's affidavit (Appellant's brief, Exhibit G) has a file mark on it from the county clerk of Cherokee County but it does not indicate if it was filed in the deed records or in a court record. Regardless, this appeal stems from a district court case so it would seem likely that if presented to the trial court in this case it would have a district court file mark. It is not in the clerk's record from this case that is filed with this court.

In addition, Appellant has attempted to interject evidence in this case without notifying this court or opposing counsel. There is no indication that he attempted to supplement the record under T.R.A.P 34(c). Even had he done so, these affidavits could not become part of the record as they were not presented to the district court. This wrongful act is multiplied when you see that the date of Appellant's affidavit (Appellant's brief, Exhibit H) is May 7, 2015 which is almost six months after the Decree Ordering the Sale of Real Property was entered on November 14, 2014 and could not possibly be part of the record. In addition, as more fully explained in Appellee's brief, it appears that Jerry Byrom perjures himself in the affidavit as it is contrary to sworn testimony he gave in the prior

cases and in this case.

**WHEREFORE, PREMISES CONSIDERED**, Jill Campbell Penn prays

that the Court strike Appellant's Brief Exhibit G and Exhibit H.

Respectfully submitted,
Joseph F. Zellmer
620 West Hickory Street
Denton, Texas 76201
Telephone: (940) 383-2674
Fax: (940) 382-7174
Email: jfz@zellmerlaw.com

/s/ Joseph F. Zellmer
By:_____
Joseph F. Zellmer
State Bar No. 22258515
Lead Counsel for Jill Campbell Penn

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 30th day of July, 2015, a true and correct

copy of the above and foregoing Motion to Strike Appellant's Brief Exhibits G

and H was served on Joe Shumate, by eservice or email.

/s/ Joseph F. Zellmer

_____
Joseph F. Zellmer

EXHIBIT 1

# AFFIDAVIT

STATE OF TEXAS      §
                          §        KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF RUSK     §

BEFORE ME, the undersigned notary public, personally appeared the person whose name is subscribed hereinbelow, and after being duly sworn, deposed and stated as follows:

"My name is Daisy D. Byrom, a/k/a Dimple Byrom, and I am the wife of Jerry Byrom. I am over the age of 18 years, have never been convicted of a felony, and am competent to make this affidavit.

Jerry Byrom and I were married on the 26th day of July, 1971, in Henderson County, Texas. We have never been divorced. In January of 1986, we purchased the two tracts or parcels of land in Rusk County, Texas, totaling 120 acres, which are described on Exhibit "A" attached hereto and referred to herein as "the property."

At the time we purchased the property, it was not our homestead; however, on or about March of 2006, we constructed a home on the property and at that time it became our homestead. This was before my husband received any property from his mother's estate. A true and correct copy of the contract with the builder is attached hereto as Exhibit "B." We have lived on the property since 2006 and live there now with four minor grandchildren.

Other than the original purchase money and construction liens on the property and a note from the bank in which the property was used as security (which was released in April of 2002 prior to building our home), I have never allowed the property to be subject to any liens or judgment.

I hereby assert any right I have to object to any execution of judgment or liens against my homestead property and the homestead property of my minor grandchildren."

Daisy D. Byrom, a/k/a Dimple Byrom

SUBSCRIBED AND SWORN TO BEFORE ME on this the $\underline{1^{st}}$ day of $\underline{March}$, 2010, by Daisy D. Byrom, a/k/a Dimple Byrom.

_Marian E. Taylor_
NOTARY PUBLIC, STATE OF TEXAS



MARIAN E TAYLOR
Notary Public, State of Texas
My Commission Expires
November 16, 2010

**FILED**
at 12 o'clock P.M.

MAR 09 2010

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO. TX
By _____ db _____ Deputy

-2-

**EXHIBIT 2**

# AFFIDAVIT

STATE OF TEXAS       §
                         §        KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF RUSK      §

BEFORE ME, the undersigned notary public, personally appeared the person whose name is subscribed hereinbelow, and after being duly sworn, deposed and stated as follows:

"My name is Jerry Byrom, and I am the husband of Daisy D. Byrom, a/k/a Dimple Byrom. I am over the age of 18 years, have never been convicted of a felony, and am competent to make this affidavit.

Daisy D. Byrom, a/k/a Dimple Byrom and I were married on the 26th day of July, 1971, in Henderson County, Texas. We have never been divorced. In January of 1986, we purchased the two tracts or parcels of land in Rusk County, Texas, totaling 120 acres referred to herein as "the property."

At the time we purchased the property, it was not our homestead; however, on or about March of 2006, we constructed a home on the property and at that time it became our homestead. This was before I received any property from my mother's estate. We have lived on the property since 2006 and live there now with two minor grandchildren.

Other than the original purchase money and construction liens on the property and a note from the bank in which the property was used as security (which was released in April of 2002 prior to building our home, I have never allowed the property to be subject to any liens or judgment.

I hereby assert any right I have to object to any execution of judgment or liens against my homestead property and the homestead property of my minor grandchildren."

_____
Jerry Byrom

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the 7th day of May, 2015, by Jerry Byrom.



NOTARY PUBLIC, STATE OF TEXAS